UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID LEE LEGER** | **CIVIL ACTION NO. 07-0005** |
| **VS.** | **SECTION P** |
| **TERRY TERRELL, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner, David Lee Leger, on December 18, 2006.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the, Allen Correctional Center, in Kinder, Louisiana. Petitioner challenges his March 8, 2006 conviction for three counts of conspiracy to commit second degree murder entered in the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

---

[1] The undersigned has given petitioner the benefit of the "mailbox" rule. Petitioner signed the petition on December 18, 2006. That is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

## **PROCEDURAL HISTORY**

On March 8, 2004[1], petitioner was found guilty of three counts of conspiracy to commit second degree murder following trial by jury.[2] Thereafter, on May 24, 2004, petitioner was sentenced to serve 12 years imprisonment on each count, the sentences to run consecutively.

On June 1, 2005 petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals. *See State of Louisiana v. David Lee Leger*, 2004-1467, 907 So.2d 739 (La. App. 3 Cir. 6/1/2005). Petitioner's motion for rehearing was denied on August 17, 2005. On direct appeal, petitioner argued several claims challenging the sufficiency of the evidence presented by the State at trial. The appellate court found all of these claims lacked merit.

On October 27, 2005, petitioner, through counsel, submitted an application for writs to the Louisiana Supreme Court setting forth five assignments of error. [rec. doc. 4, pg. 7-20]. In particular, Assignments of Error number one and three are described by counsel as follows:

> I. There was never the presence of criminal intent 'in at least two minds' and, therefore no conspiracy could exist.
>     a. Vickers was incapable of forming the required intent;

---

[1] Petitioner incorrectly alleges the date as March 8, 2006 in his petition.

[2] Petitioner was indicted by a grand jury with being a principal in the first degree murders of Brandy Vickers, Jennifer Leger, and Michelle Aucoin. He was also indicted on three counts of solicitation for murder and three counts of criminal conspiracy for his alleged involvement in the three murders. Prior to trial, the State elected to reduce the Defendant's charges to second degree murder. The jury convicted petitioner on the three counts of conspiracy to commit second degree murder and acquitted him of the remaining charges.

> b. There was no 'substantial, independent' evidence of any conspiracy, that would allow for the jury to hear the hearsay testimony of the murderer – the only evidence whatsoever of any conspiracy;
> c. The Court failed to conduct a hearing and find the presence of such 'substantial, independent evidence of conspiracy' required before allowing the unsubstantiated hearsay testimony of Vickers to be presented to the jury;
> d. There is no such thing in our law as a 'conditional' or 'whim' conspiracy.
>
> ...
> III. The Jury and the Appeals Court failed to consider every other reasonable hypothesis and the hypothesis proposed by the 3rd Circuit are impossible and, therefore, unreasonable. [rec. doc. 4, pg. 16-17].

Petitioner's counseled writ application to the Louisiana Supreme Court contains no mention or argument of any federal constitutional issue or any federal law supporting such a claim. There is no citation to any federal constitutional provision, no allegations of any federal constitutional violation and no citation to federal jurisprudence in support of petitioner's claims. [rec. doc. 4, pg. 8-33]. Rather, in support of his arguments, petitioner cites three Louisiana statutes LSA R.S.14:26 (defining criminal conspiracy under Louisiana law), LCE 81(3)(b) (setting the Louisiana standard for admissibility of co-conspirators hearsay testimony) and R.S. 15:438 (setting forth the Louisiana rule requiring that convictions based on circumstantial evidence exclude every reasonable hypothesis of innocence), and state court decisions interpreting those statutes.

On April 17, 2006, petitioner's request for discretionary review in the Louisiana Supreme Court was denied. *See State of Louisiana v. David Lee Leger*, 2005-2263, 926 So.2d 509 (La. 4/17/2006). Petitioner's application for writs of certiorari in the United

3

States Supreme Court was denied on October 2, 2006. *David Leger v. State of Louisiana*, — U.S. —, 127 S.Ct. 245, 166 L.Ed.2d 193 (2006).

Petitioner has not filed any applications for post-conviction relief in the Louisiana state courts.

The instant federal *habeas corpus* petition was filed on December 18, 2006. Petitioner asserts a single claim for relief: "Petitioner is in custody in violation of his right under the 14th Amendment's Due Process Clause because the evidence submitted by the state and relied upon by the jury to support these multiple convictions for conspiracy to commit second degree murder was constitutionally insufficient under *Jackson v. Virginia* and its progeny thereby rendering petitioner's current custody illegal." [rec. doc. 1-1, ¶ 12].

## LAW AND ANALYSIS

**I. Exhaustion**

28 U.S.C. § 2254(a) provides that federal courts "shall entertain an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, in federal *habeas corpus* proceedings, federal courts may only review alleged violations of federal constitutional rights, and are limited to deciding whether a conviction is in violation of the Constitution. *Deters v. Collins*, 985 F.2d 789, 791 fn. 1 (5th Cir. 1993) citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*,

502 U.S. 62, 68, 112 S.Ct. 475, 480 (1991); *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). This is so because federal courts "do not sit as a super state supreme court ...." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). It is not the province of a federal *habeas* court to determine if the state courts properly applied state law. *Estelle v. McGuire*, 502 U.S. at 68, 112 S.Ct. at 480; *Narvaiz*, 134 F.3d at 695. Rather, "[f]ederal *habeas corpus* review is limited to errors of constitutional dimension ...." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). Thus, the Fifth circuit has articulated on numerous occasions that the failure of a state to follow its own rules of procedure is not grounds for relief in federal *habeas* actions. *Lavernia v. Lynaugh*, 845 F.2d 493, 495 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure..."); *Manning v. Warden*, 786 F.2d 710, 711-12 (5th Cir. 1986) ("whether the state followed its own procedure is not the concern of a federal *habeas* court..."). Rather, the sole inquiry is whether there has been a constitutional infraction. *Id.*

Before seeking a federal writ of *habeas corpus*, a state prisoner must exhaust available state remedies, thereby giving the State the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1349 (2004) citing 28 U.S.C. § 2254(b)(1) and *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) *(per curiam)* quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State

with the necessary "opportunity," the prisoner must "fairly present" his federal claim in each appropriate state court, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.* citing *Duncan,* 513 U.S. at 365-366, 115 S.Ct. 887, and *Boerckel,* 526 U.S. at 845. Although federal and state standards may be "somewhat similar", "mere similarity of claims is insufficient to exhaust." *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887 (1995). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief ... by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' " *Howell v. Mississppi,* 543 U.S. 440, 125 S.Ct. 856, 859 (2005) citing *Baldwin,* 541 U.S. at 32. This is necessary to establish that a federal question was properly presented to a state court. *Id.* Moreover, the burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised. *Bell v. Cone*, -- U.S. --, 125 S.Ct. 847, 851 at fn. 3 (2005) citing *Baldwin,* 541 U.S. at 30- 32.

    Review of petitioner's filing in the Louisiana Supreme Court reveals that petitioner did not raise any federal constitutional claim based on the sufficiency of the evidence presented by the State at trial. Moreover, there is no mention or argument of any federal

constitutional issue or any federal law supporting such a claim in his filing which could have alerted that court that his claim could arise under federal law.  Petitioner did not cite the Constitution (or more specifically, the 14th Amendment Due Process Clause) or any case directly construing the Constitution in support of his claims.  Rather, this issue was raised in the Louisiana Supreme Court solely on state law grounds.  Because petitioner failed to raise any federal constitutional claim in connection with his sufficiency of the evidence claims in the Louisiana Supreme Court, it is clear that the present claim based on the Due Process Clause of the 14th Amendment to the United States Constitution is unexhausted.   In his writ application to the Louisiana Supreme Court petitioner did not fairly present a federal insufficient evidence claim.  Absent a showing that state remedies are either unavailable or inadequate, petitioner cannot now proceed in this court. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972).[3]  Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

---

[3] Under Louisiana law, petitioner may seek post-conviction relief provided his application is filed within two years of the date upon which the judgment of conviction and sentence became final under the provisions of LSA C.Cr.P. arts. 914 or 922. *See* LSA C.Cr.P. art. 930.8(A).  Articles 922(C) and (D) provide, "If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied. If an application for writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ." Petitioner timely sought re-hearing on direct appeal and the Third Circuit Court of Appeals denied his application for re-hearing on August 17, 2005. *State of Louisiana v. David Lee Leger*, 2004-1467 (La. App. 3 Cir. 6/1/2005), 907 So.2d 739, *rehearing denied,* 8/17/2005. As shown below, by his own admission, petitioner did not timely seek further direct review in the Louisiana Supreme Court.  Thus, for the purposes of art. 930.8(A), petitioner's judgment of conviction and sentence became final under Louisiana law, at the earliest, on August 17, 2005. Accordingly, petitioner has two years from that date within which to seek collateral review in the Louisiana courts, that is, until August 17, 2007.

**II. Time Bar**

Even if petitioner's claim was properly exhausted, the instant petition is nevertheless time barred. This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d) . *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512

---

[4] Nothing in the record before the court suggests that the State created impediments which prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court which was made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Accordingly, those subsections are inapplicable.

(5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

For purposes of the AEDPA one-year limitation period, petitioner's judgment of conviction became final on September 16, 2005, thirty days after August 17, 2005, the date the Third Circuit Court of Appeals denied petitioner's request for rehearing and mailed notice of same.[5] *See State of Louisiana v. David Lee Leger*, 2004-1467 (La. App. 3 Cir. 6/15/2005), 907 So.2d 739, *rehearing denied* 8/17/2005. This is so because Louisiana Supreme Court Rule X, §5(a) provides only a thirty day window of opportunity for a litigant to seek review of an appellate court judgment.[6] In this case, petitioner's court-appointed appellate counsel signed petitioner's Supreme Court Writ Application as

---

[5] Uniform Rules, Courts of Appeal Rule 2-16.4 provides "[i]n every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to ... all appeal counsel of record ..." The Third Circuit's denial of rehearing was rendered on August 17, 2005. In the absence of any evidence to the contrary, the court is presumed to have followed its own rules, and thus, mailed the decision on the date it was rendered.

Under Louisiana Code of Criminal Procedure article 922, petitioner's judgment of conviction became final on the date the Third Circuit denied rehearing and no timely application for review to the Louisiana Supreme Court was filed. LSA C.Cr.P. art. 922(C) and (D). Under Louisiana Supreme Court Rule X, § 5(a) the time for seeking review in the Louisiana Supreme Court is 30 days. Because §2244(d)(1)(A) provides that the period of limitations runs from "the expiration of the time for seeking [direct] review", the undersigned has given petitioner the benefit of the longer period set forth in Rule X.

[6] Supreme Court Rule X § 5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

well as the certificate of service on October 27, 2005. [*See* rec. doc. 4, pg. 7, 9, 33]. Therefore, the application was presumably mailed, at the earliest, on that date. Thus, it is clear that petitioner's writ application was untimely and had no effect on the date that petitioner's conviction became final. *See Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished) (a conviction becomes final for the AEDPA's limitations purposes on the date that the time expires for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denies the untimely writ application.)[7]; *Singleton v. Miller*, 2002 WL 922389, *1 fn. 18 (E.D.La. 2002).[8] Indeed, in his response to this court's March 23, 2007 Order, while arguing that the claims in the instant petition are not procedurally defaulted, petitioner candidly admits that application was "belatedly filed

---

[7] In *McGee*, the Fifth Circuit noted that the *habeas* petitioner's conviction was affirmed by the intermediate appellate court on April 8, 1998. However, the petitioner failed to file his application for *certiorari* within the thirty-day limitations period established by Supreme Court Rule X, § 5(a). The court then framed the issue as follows: "The issue is whether McGee's out-of-time filing of his request for a supervisory writ had any impact on either the commencement or the running of the limitations period." *McGee*, at 991. The court, citing *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *cert. denied*, 124 S.Ct. 2099 (2004), then determined "that McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denied McGee's untimely writ application." *McGee,* at 991. Further appellate review was not available when petitioner failed to comply with Rule X, § 5(a); the application was therefore not "proper filed.". *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005). The untimely writ application therefore had no effect on the date that petitioner's conviction became final.

[8] In *Singleton* the court found as follows:
> Louisiana Supreme Court Rule X, § 5(a) provides in pertinent part: 'An application seeking to review a judgment of the court of appeal after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ....' Notice of the Court of Appeal's judgment was mailed on February 15, 1996. Rec. Doc. 7. Therefore, petitioner had only thirty days from that date to file a timely writ application with the Louisiana Supreme Court. Petitioner's application for a writ of review or certiorari was not even signed until July 16, 1997, and it was not actually filed with the Louisiana Supreme Court until July 29, 1997. State Rec., Vol. I of II. Accordingly, it was not timely and it had no effect on the date that petitioner's conviction became final.

beyond the 30-day window for review." [rec. doc. 4].

Petitioner's writ application to the Louisiana Supreme Court was untimely. Accordingly, petitioner's judgment of conviction became final for AEDPA purposes on September 16, 2005, the date the time for seeking further direct review expired. Petitioner had one year from that date, or until September 16, 2006, within which to file his federal *habeas* petition.

Pursuant to § 2244(d)(2), petitioner would be entitled to statutory tolling of the limitations period while a "properly filed" application for state collateral review may have been pending in the Louisiana state courts. However, petitioner's untimely October 27, 2005 filing was not "properly filed." *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005); *See also Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *cert. denied*, 124 S.Ct. 2099 (2004); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished); *Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006). Because the application was clearly untimely, it cannot be considered "properly filed" for purposes of statutory tolling. *Williams* and *Pace, supra*. Moreover, under Louisiana law, in order to re-instate the right to lapsed appellate review, must be pursued via the collateral review process, by filing an Application for Post-Conviction Relief seeking the restoration of such right in the district court. *Hamilton,* at *4 and *McGee*, at 991-992 citing *State v. Counterman*, 475 So.2d 336, 338-339 (La. 1985);  La. C.Cr.P. art. 926(a). Petitioner's application, filed directly in the Louisiana Supreme

Court, does not satisfy those procedural requisites. Further, under the rationale set forth by the Fifth Circuit in *Salinas v. Dretke*, the AEDPA limitations period would be tolled only if petitioner sought and obtained leave to file an "out-of-time" writ request.[9] *See Salinas*, 354 F.3d at 430; *Hamilton*, at *4; *McGee*, at 991-992. In his untimely October writ application, petitioner did not seek permission to file an "out-of-time" writ, and did not request reinstatement of the obviously lapsed limitations period; thus, permission to pursue further review was not obtained.[10] For these reasons, petitioner's untimely writ application to the Louisiana Supreme Court was not "properly filed; the application had no effect and could not toll the limitations period. *Hamilton*, at *4. Consequently, the limitations period was not tolled during the period between the filing of petitioner's untimely writ application and the Louisiana Supreme Court's writ denial.

In addition, the limitations period was not statutorily tolled during the time that petitioner sought review in the United States Supreme Court. Petitioner's request for writs of *certiorari* in the United States Supreme Court cannot be considered an "application for *State* post-conviction or other collateral review ...." and therefore

---

[9]In *Salinas*, the court found that an "out-of-time petition for discretionary review is in the nature of habeas relief and that the <u>grant</u> of such relief 'tolls [the] AEDPA's statute of limitations until the date on which the court...declines to <u>grant</u> further relief ...." *Id.* The *McGee* court thus opined that "under the rationale set forth in *Salinas*, the AEDPA limitations period would be tolled only while McGee <u>sought and obtained leave</u> to file the out-of-time writ request." *McGee,* at 992.
 In the instant case, petitioner did not seek leave to file an out-of-time writ request with the Louisiana Supreme Court or by post-conviction proceedings, nor was any such non-existent request granted. Consequently, the limitations period was not tolled during the pendency of the application.

[10]The undersigned acknowledges that Louisiana jurisprudence does, in limited circumstances, permit litigants the opportunity to file a petition for out-of-time review directly in the Supreme Court. *See State v. Jacobs*, 504 So.2d 817, 818 at fn. 1 (La. 1987). However, in that case, the petitioner actually filed a "Motion for Delayed Appeal" which Motion was granted. Here, petitioner did not move for reinstatement of his lapsed appellate rights. *See Hamilton*, at *4 fn. 3.

petitioner cannot rely on the statutory tolling provision during the pendency of his United States Supreme Court writ. *Lawrence v. Florida*, — U.S. —, 127 S.Ct. 1079 (February 20, 2007); *Duncan v. Walker*, 533 U.S. 167, 172-174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

For the above reasons, petitioner cannot rely on the tolling provisions of 28 U.S.C. § 2244(d)(2), neither his untimely writ application in the Louisiana Supreme Court nor his writ application in the United States Supreme Court were "properly filed" State post-conviction proceedings.

Given that petitioner's judgment of conviction became final for AEDPA purposes on September 16, 2005, he therefore had one year, or until September 16, 2006 to file for federal *habeas* relief. Petitioner had no "properly filed" state post conviction or other collateral proceedings during this time period which could have statutory tolled the running of the limitation period. The instant petition was not filed until, at the earliest, December 18, 2006. Therefore, the instant petition for federal writ of *habeas corpus* is barred by the federal one-year limitation period.

Petitioner is also unable to rely upon the doctrine of equitable tolling  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v.*

*Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing. Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 citing *Fisher*, 174 F.3d at 714. *See also Coleman,* 184 F.3d at 402. Moreover, even attorney error or neglect, such as is implied herein, is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief. Here, petitioner did not attempt to reinstate his appellate rights, nor has he attempted to present his claims via post-conviction proceedings in the Louisiana state courts. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and accordingly, dismissal on this basis is also warranted.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's federal claims

remain unexhausted and because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Lafayette, Louisiana, on May 17, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE